# In the United States Bankruptcy Court for the District of Maryland

| | |
|---|---|
| In re: | Case No. 08–1–2415 NVA |
| **MAUREEN P. ROBERSON,** | Chapter 13 |
| *Debtor.* | |
| **MAUREEN P. ROBERSON**, <br> 6537 Quiet Hours, Apt. T1 <br> Columbia, Maryland 21045 | |
| *Plaintiff,* | |
| vs. | Adversary No.: _____ |
| **FORD MOTOR <br> CREDIT COMPANY, LLC,** <br> One America Road MD 7440 <br> Dearborn, MI 48126 | |
| Serve:  The Corporation Trust Incorporated <br>              Resident Agent <br>              300 E. Lombard Street <br>              Baltimore, Maryland 21202 | |
| *Defendant.* | **COMPLAINT** |

𝕹𝖔𝖜 𝕮𝖔𝖒𝖊𝖘 Plaintiff, Maureen P. Roberson, by counsel Andrew Wilson, Jr., Brett Weiss, P.C., and Brett Weiss, and sues Ford Motor Credit Company, LLC, and states:

*Introduction*

This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with its post-discharge repossession of the Plaintiff's car. At the time of the repossession, and as admitted by the Defendant's counsel on the record at a hearing in the underlying bankruptcy case, all car payments were current, and the car was properly titled and insured. Plaintiff seeks monetary relief based on violations of 11 U.S.C. § 524, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Maryland Consumer Protection Act, Md. Commercial Law Code Ann. §§ 13–101 *et seq.*, the Maryland Consumer Debt

Collection Act, Md. Commercial Law Code Ann. §§ 14–201 *et seq.*, breach of contract, and Maryland common law trespass/conversion.

1. This action is also filed to enforce the Order of Discharge duly entered in the Debtor's prior Chapter 7 case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in that case.

*Jurisdiction*

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the Debtor's previous Chapter 7 case under Title 11 and concerns property of the Debtor both in that case and in the within underlying bankruptcy case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

6. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, if this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

*Parties*

8. Plaintiff is a United States citizen and a resident of Howard County, Maryland.

9. The Defendant, Ford Motor Credit Company, LLC ("Ford"), is a Delaware LLC with its principal place of business in Michigan. It is authorized to, and regularly does, business in the State of Maryland. According to its website, Ford operates in 36 countries and manages approximately $149 billion in receivables.

*Facts*

10. On July 11, 2004, the Plaintiff bought a 2005 Ford Focus, VIN 1FAFP34N55W150936 (the "Car"), and financed it through Ford (the "Loan") pursuant to the provisions of a Loan agreement (the "Loan Agreement"). Ford took a lien on the Car as security for the Loan, which is reflected on the title.

11. Due to various financial difficulties, the Plaintiff filed for relief under Chapter 7 on October 22, 2007. The case was filed in this Court and assigned case number 07–2–0394 NVA (the "Chapter 7 Case"). The car was scheduled as an asset, and the Loan was scheduled as a secured debt. The Plaintiff received a discharge in the Chapter 7 Case on January 30, 2008.

12. The Plaintiff did not reaffirm the Loan during the Chapter 7 Case.

13. Before and during the Chapter 7 Case, and at all times through and including the current date, the Plaintiff has timely made all monthly Loan payments, and has kept the Car properly insured and titled.

14. Ford received, accepted and applied Plaintiff's payments on the Loan during the course of her Chapter 7 Case.

15. Ford received, accepted and applied Plaintiff's payments on the Loan following her discharge in the Chapter 7 Case and the Case's closure.

16. Although all Loan payments were current, the Car was properly insured and titled, and Ford had accepted payments during and after the Chapter 7 Case, on or about February 19, 2008 Ford wrongfully, illegally and maliciously repossessed the Car (the "Repossession"). The sole justification for the Repossession, as stated by Ford's counsel in open Court at a turnover action hearing in a subsequent Chapter 13 case filed to recover the Car, was an alleged breach of an *ipso facto* clause in the Loan Agreement. Upon information and

belief, Plaintiff states that such actions were taken, in whole or in part, to punish Plaintiff for filing Chapter 7 and for obtaining a discharge of her personal obligation for any deficiency that might result from a post-discharge sale of the Car, and to act as an example to others who might wish to continue to make post-filing payments on a vehicle without reaffirming the underlying debt.

17. Where loan payments are current and vehicles are properly insured and titled, the vast majority of auto lenders in the United States do not repossess vehicles for a breach of an *ipso facto* clause caused by the filing of a bankruptcy.

18. Although all Loan payments were current, the Car was properly insured and titled, and Ford had accepted payments during and after the Chapter 7 case, Ford refused to return the Car to the Plaintiff following the Repossession.

19. As a result, the Plaintiff was forced to file the underlying Chapter 13 case on February 21, 2008. The sole basis for the filing of this Chapter 13 case was to facilitate the recovery of the Car and to deal with the issues raised in this Complaint.

20. The Plaintiff scheduled as an asset in the Chapter 13 case a potential claim for wrongful repossession by Ford (the "Claim").

21. Defendant's continuing violations of the law have required Plaintiff to retain legal counsel to secure her rights to the use and enjoyment of the Car and to ensure compliance with the law.

## CAUSES OF ACTION

### COUNT I
(Violation of Discharge Injunction)

22. Plaintiff realleges and incorporates the preceding paragraphs herein by this reference.

23. The Defendant's actions in repossessing the Car is in violation of the discharge injunction entered in the Plaintiff's Chapter 7 case pursuant to 11 U.S.C. § 524, and constitute contempt of Bankruptcy Court's orders.

24. The Plaintiff alleges that the Defendant's actions after receiving notice of the order of discharge entered in the Chapter 7 case constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

25. The Defendant's conduct has substantially frustrated the discharge order entered by this Court and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

26. To carry out the provision of the Code and to maintain its integrity, this Court should impose actual damages, punitive damages and legal fees against the Defendant pursuant to the provisions of Section 105 of the Code.

27. To protect debtors who have completed their Chapter 7 cases plans and secured a full discharge thereunder, this Court should impose sanctions against the Defendant for its misconduct in this case.

28. As a result of the Defendant's violation of 11 U.S.C. Section 524, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Plaintiff prays for an award of compensatory and punitive damages, reasonable attorney fees and costs, and for such other further and relief as is just.

## COUNT II
(Fair Debt Collection Practices Act)

29. Plaintiff realleges and incorporates the preceding paragraphs herein by this reference.

30. The foregoing acts and omissions by the Defendant constitute violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which include, but are not limited to, the following:

(a) The Defendant violated 15 U.S.C. §§ 1692e(2)(A), (4), (5), (9), (10), (13) and 1692f(6) by misrepresenting the imminence of legal action and making other false and misleading representations; and

(b) The Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

(c) The Defendant violated 15 U.S.C. Section 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt,

31. The Plaintiff is therefore entitled to an award of statutory, compensatory and punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Plaintiff prays for an award of statutory, compensatory and punitive damages, reasonable attorney fees, interest and costs, and for such other further and relief as is just.

## COUNT III
(Maryland Consumer Protection Act)

32. Plaintiff realleges and incorporates the preceding paragraphs herein by this reference.

33. The Plaintiff is a "consumer," as that term is defined by Maryland Consumer Protection Act, Md. Commercial Law Code Ann. §§ 13-301 *et seq.* ("MCPA").

34. The Plaintiff's relationship with the Defendant arose out of the sale of "consumer goods" and/or "merchandise," and involves "consumer credit," as those terms are defined in the MCPA.

35. The Defendant is a "merchant," as that term is defined in the MCPA.

36. The transaction involving the sale of the Car and its financing by Defendant constitute a "sale," as that term is defined in the MCPA.

37. The acts and omissions by the Defendant as alleged in this Complaint constitute violations of the MCPA, which include, but are not limited to, the following:

(a) Engaging in unfair or deceptive trade practices by making false or misleading statements or other representations that the acceptance of post-filing Loan payments would

allow the Plaintiff to retain the Car following the closure of the Chapter 7 Case, and making other false and misleading statements or other representations [§ 13-301(1)];

(b) Engaging in unfair or deceptive trade practices by failing to state a material fact, that the acceptance of post-filing Loan payments would not allow the Plaintiff to retain the Car following the closure of the Chapter 7 Case, and failing to state other material facts [§ 13-301(3)];

(c) Engaging in unfair or deceptive trade practices by deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that the Plaintiff rely on the same in connection with the performance of Defendant with respect to the Loan by continuing to accept payments under the Loan during and after the Chapter 7 Case while intending to repossess the Car notwithstanding such acceptance of payments [§ 13-301(9)];

(d) Using a contract allowing the repossession of a consumer's vehicle for breach of an *ipso facto* clause contained in a contract that waives the consumer's right to assert a legal defense to an action [§ 13-301(12)];

(e) Engaging in unfair or deceptive trade practices in the sale, lease, rental, loan, or bailment of any consumer goods or consumer services, the extension of consumer credit, or the collection of consumer debts [§ 13-303];

(e) Violating other provisions of the MCPA [§ 13-301(14)].

38. The Plaintiff is therefore entitled to an award of actual and statutory damages and legal fees pursuant to § 13-408.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Plaintiff prays for an award of compensatory and punitive damages, reasonable attorney fees, interest and costs, and for such other further and relief as is just.

### COUNT IV
(Maryland Debt Collection Act)

39. Plaintiff realleges and incorporates the preceding paragraphs herein by this reference.

40.     In its acts and omissions as described in this Complaint, Defendant is a "collector" in connection with a "consumer transaction," as those terms are defined in the Maryland Consumer Debt Collection Act ("MCDPA"), Md. Commercial Law Code Ann. §§ 14-201 *et seq.*

41.     The foregoing acts and omissions by the Defendant constitute violations of the, which include, but are not limited to, claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist, that is, repossessing the Car when payments are current and post-petition payments were accepted, and for other reasons.

42.     The Plaintiff is therefore entitled to an award of damages and legal fees pursuant to §§ 13-408 and 14-203.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Plaintiff prays for an award of compensatory and punitive damages, reasonable attorney fees, interest and costs, and for such other further and relief as is just.

### COUNT V
(Breach of Contract)

43.     Plaintiff realleges and incorporates the preceding paragraphs herein by this reference.

44.     Maryland law does not permit the use of an *ipso facto* clause as a basis for the repossession of a motor vehicle where payments are current and the vehicle is properly titled and insured.

45.     Following the filing of the Chapter 7 Case, Defendant received, accepted, and applied payments made by Plaintiff on the Loan.

46.     Such receipt, acceptance and application of payments constituted a waiver of its right to enforce any *ipso facto* clause in the Loan Agreement, even should such a right be found to exist.

47.     Despite such, Defendant wrongfully, illegally and maliciously repossessed the Car in violation of the provisions of the Loan Agreement giving possession of the Car to Plaintiff.

48. The Plaintiff is therefore entitled to an award of compensatory damages for breach of the Loan Agreement.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Plaintiff prays for an award of compensatory damages, interest and costs, and for such other further and relief as is just.

## COUNT VI
### (Trespass/Conversion)

49. Plaintiff realleges and incorporates the preceding paragraphs herein by this reference.

50. Defendant's actions in repossessing the Car constituted a wrongful act of ownership or dominion over the Car by Defendant in denial of, or inconsistent with, the Plaintiff's ownership and control of the Car, and designed to deprive Plaintiff of the use of the Car.

51. Such actions damaged the car, reduced its value, caused Plaintiff to incur expenses, and otherwise harmed and damaged Plaintiff.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Plaintiff prays for an award of compensatory and punitive damages, interest and costs, and for such other further and relief as is just.

Respectfully submitted,

BRETT WEISS, P.C.

\_\_\_/s/ Andrew G. Wilson, II_____        By:\_\_\_\_/s/ Brett Weiss_____
Andrew G. Wilson, II, Bar No. 22259                Brett Weiss, Bar No. 02980
275 West Street, Suite 216                         18200 Littlebrooke Drive
Annapolis, Maryland 21401                          Olney, Maryland 20832-3040
(410) 626-6111                                     (301) 924-4400
Andywilsonlaw@aol.com                              Brett@BankruptcyLawMaryland.com

Attorneys for Plaintiff